IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| DEXTERITY SURGICAL, INC. | § | CASE NO. 04-35817 |
| | § | |
| DEBTOR. | § | CHAPTER 11 |
| JOSEPH MYERS, AS COMMITTEE REPRESENTATIVE OF DEXTERITY SURGICAL, INC., | § § § § | ADV. NO. 06-3352 |
| PLAINTIFF, | § | |
| v. | § § | |
| SURGICAL VISIONS I, INC. | § § | |
| DEFENDANT | § | |

## ORDER STAYING STATE COURT PROCEEDING

IT APPEARING THAT On April 29, 2002, certain shareholders (the "D&O Plaintiffs") of the Dexterity Surgical, Inc. (the "Debtor") filed a complaint against Teleflex Incorporated and former and current officers and directors of the Debtor in the 166th Judicial District, Bexar County, Texas, styled *Surgical Vision I, Inc. v. Teleflex, Inc., et al.*, 2002-CI-06331 (the "D&O Suit"), alleging, *inter alia*, that the Debtor's former and current directors and officers, as well as Teleflex, Inc., engaged in a conspiracy to defraud minority shareholders, breached their fiduciary duties, falsified corporate minutes, issued false and misleading public filings and press releases, and bribery.

The D&O Suit was held in abatement by the state court during the course of the Debtor's chapter 11 case.

NYC/307919.1

Following the Effective Date of the Debtor's plan of reorganization (the "Plan"), the D&O Plaintiffs moved to lift the abatement.

Joseph Myers, the Committee Representative appointed pursuant to the Plan (the "Committee Representative"), intervened in the D&O Suit and filed an opposition to that motion in the state court asserting that abatement of the D&O Suit should continue and that the Committee Representative is the proper plaintiff in that action pursuant to the terms of the Plan and Confirmation Order. *See* Confirmation Order at p. 2; Plan § 7.6.3.1, .2.

On April 18, 2006, the Committee Representative commenced an adversary proceeding against Edward Weck Incorporated d/b/a Weck, Teleflex Incorporated, Weck Closure Systems, LLC, Pilling Weck Incorporated (collectively, the "Weck Defendants"), Adv. No. 06-03352, currently pending in this Court ("Weck Adversary Proceeding"), seeking, *inter alia*, the return of certain alleged transfers of property from the Debtor to the defendants pursuant to Chapter 5 of the Bankruptcy Code, in the amount of $337,659.00.

The Committee Representative thereafter endeavored to settle the claims raised in the Weck Adversary Proceeding and the D&O Suit.

On September 27, 2006, the Committee Representative filed the Motion for Approval of Compromise and Settlement Agreement Between the Weck Defendants and the Committee Representative pursuant to Rule 9019 (the "Application to Compromise"). Surgical Visions I, Inc. ("SVI") filed an opposition to the Application to Compromise.

On November 15, 2006, this Court held a hearing on the Application to Compromise and opposition thereto. At the hearing, the Court entered a Case Administration Order, among other things, converting the instant controversy into the above captioned adversary proceeding and treating the Application to Compromise as a complaint and SVI's opposition as an answer.

Pursuant to 28 U.S.C. § 1334 and section 15.1.6 of the Plan, this Court has jurisdiction over the matters raised in this controversy, including those raised in the D&O Suit for purpose of determining whether the outstanding issues therein are properly within this Court's jurisdiction.

Accordingly, it is hereby

**ORDERED**, that all actions in the suit pending 166th Judicial District, Bexar County, Texas, styled *Surgical Vision I, Inc. v. Teleflex, Inc., et al.*, 2002-CI-06331 (the "D&O Suit") are **STAYED**; and it is further

**ORDERED**, that no further action shall be taken in that the D&O Suit until this Court has entered a final Order resolving the Application to Compromise and the matters in controversy in the above captioned adversary proceeding.

Dated: December 1, 2006
Houston, Texas

MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

3

NYC/307919.1